IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCO ROBINSON,

       Plaintiff,

v.                                 10-CV-0787 JCH/GBW

GENERAL TIRE AND RUBBER
COMPANY, et. al.,

       Defendants.

ORDER ON MOTION FOR ENTRY OF PROTECTIVE ORDER OF
CONFIDENTIALITY

THIS MATTER is before the Court on Defendant's Motion for Entry of Protective Order of Confidentiality. *Doc. 46.* The briefing on this matter is complete. *Docs. 51, 57, 58.* No further briefing or argument is required.

In the Motion, Defendant Continental Tire The Americas, LLC ("CTA") seeks a protective order which will govern the disclosure of certain discovery. Specifically, CTA argues that a protective order is necessary to protect CTA's confidential and proprietary information as authorized under Fed. R. Civ. P. 26(c)(1)(G). CTA has submitted the proposed confidentiality order that it seeks. *Doc. 46*, Ex. 1 (hereinafter "Def. Prop. ¶ __").

Plaintiff does not object to the entry of some protective order, but objects the scope and substance of Defendant's proposed order. *Doc. 51* at 2-3. Plaintiff objects to Defendant's proposed order on four points: (1) the mechanism of designation of confidentiality and its attendent burden of proof; (2) the requirement that confidential material be filed under seal if filed in court; (3) the requirement that confidential material be returned to Defendant after termination of the case; and (4) the prohibition on sharing confidential material. *Id.* at 3-6.

Mechanism of Designation of Confidentiality

Under Defendant's proposed order, material initially falls within the protective order if designated as "confidential" by Defendant. Def. Prop. ¶ I(D). "In the event counsel for any party, in good faith, disputes the designation of any document as CONFIDENTIAL he or she shall notify counsel for CTA in writing. *Id.* ¶ VI. CTA may then seasonably apply to the Court for a determination that the document is or is not protected pursuant to this Protective Order." *Id.* Apparently, the sole restriction on items which can be so designated by Defendant is that the materials must be "designated business, research, development, and other confidential and/or proprietary information of CTA." *Id.* ¶I(B).

Plaintiff argues that such an order would permit "blanket confidentiality" without properly requiring CTA to satisfy the burden of proof on the entitlement to confidentiality.

-2-

*Doc. 51* at 3-4.   Plaintiff proposes an order which would permit the "confidential" designation only after Defendant makes "a good faith determination that the document contains a 'trade secret or other confidential research, development or commercial information' pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, that the document has not previously been disclosed or produced without a Protective Order, or introduced in a court proceeding entered of record such that it is no longer confidential, and that disclosure to the Defendant competitors would cause the Defendant a clearly defined and serious injury."   *Id.*, Ex. A, ¶ I(A)(2) (hereinafter "Pl. Prop. ¶ __").   Moreover, Plaintiff's proposed order would require defense counsel to include with every document of "Statement of Confidentiality setting forth the reason(s) why each such document or category of documents is entitled to protection . . .."   Id. ¶I(A)(1).

The Court agrees that Defendant's proposed order provides too little restriction on the type of document which could be designated by Defendant as "confidential."   A party is entitled to a protective order only for (a) "trade secret or other confidential research, development, or commercial information," (b) the disclosure of which would be harmful. Fed. R. Civ. P. 26(c)(1)(G); *see Centurion Indus., Inc. v. Warren Steurer and Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981).   Therefore, the court will require that the only materials which are

covered by the protective order are those which Defendant has made a good faith determination that both these elements are met.[1]

The Court, however, will not require any statement preemptively setting forth the reasons a document is entitled to protection.  Such a requirement will create further delay and expense in the discovery process and provide little benefit.  Perhaps the purpose of the requirement was to ensure Defendant did not make its "confidentiality" designations too liberally.  The Court, though, is confident that the threat of sanctions for designations not be made in good faith will be sufficient deterrence.

Documents Filed on Docket and in Court

Defendant's proposed order provides that, if any confidential material is filed in or otherwise disclosed in a pleading, such pleading shall be filed under seal.  Def. Prop. ¶ IV(A-C).  Plaintiff argues that such a provision violates the right to public access to judicial records.  *Doc. 51* at 4-6.  There can be no doubt that records of judicial proceedings should be open absent a substantial reason for secrecy.  *See Pintos v. Pacific Creditors Ass'n.*, 605

---

[1] Plaintiff does not appear to contest that some of the discovery it seeks from Defendant fits within Fed. R. Civ. P. 26(c)(1)(G).  Lest there be any doubt, this Court finds that Mr. Bible's affidavit is sufficient to support the finding that Defendant has valuable confidential information worthy of protection concerning tire design/development information, tire testing documents, consumer relations documents, manufacturing processes and quality assurance.  *Doc. 47*, Ex. 1.  With the Bible affidavit, Defendant has met its burden to show good cause for the issuance of a protective order.

F.3d 665, 678 (9th Cir. 2010).  And there can be no doubt that, in some circumstances, preventing the disclosure of trade secrets can be a sufficient reason.  *Id.*  In some circumstances, the standard may be the same as in discovery and, in other circumstances, it may be a higher burden.  *Id.*

Often, the party filing a document has the greatest interest in sealing the document if it relates to personal or confidential information.  Often, the party filing the document is also in the best position to explain in a motion to seal why a document should be sealed.  However, in a case such as the instant one, if Plaintiff wishes to file a pleading incorporating Defendant's confidential information, he has no interest in keeping that information secret.  Nor is Plaintiff able to easily ascertain the relative importance of the secrecy of the document.  Consequently, it makes sense to establish a bright line rule that any pleading including confidential information by required to be filed under seal initially.  The burden, however, will still remain on Defendant to establish that the document merits such extraordinary protection permanently.  Consequently, when Plaintiff files any pleading which includes confidential information, it shall be filed under seal, but Plaintiff may indicate at the end of that pleading that he objects to its permanent sealing.  If Plaintiff does so, Defendant must file within 14 days a motion to maintain the seal explaining why the pleading and the information therein must remain sealed.  If Defendant does not file such a motion by the deadline, the seal will be lifted.  If Defendant files such a motion and

Plaintiff does not respond thereto, the Court will conclude that Plaintiff no longer objects to the sealing and it will remain in force. If a Motion and Response are both filed, the Court will rule on whether Defendant has met the appropriate burden to sustain the seal.

Return of Documents

Defendant's proposed order requires that within 90 days after the final disposition of this lawsuit, by settlement, trial or appeal, Plaintiff shall return all confidential material and copies thereof to Defendant. Def. Prop. ¶V. Plaintiff notes that he is "paying for this discovery," and contends that "the documents constitute Plaintiff's work product." *Doc. 51* at 6. Plaintiff argues that the continuing effect of the Protective Order will sufficiently protect the documents without the need for a return. *Id.*

The Court sees no reason not to require the return of confidential material upon the resolution of this case. As will be discussed below, the Court will not permit "sharing" of information subject to the protective order. Therefore, the information would only be able to sit in Plaintiff's custody. Given that this circumstance may require this Court to adjudicate violations of the protective order far into the future, such a result carries significant burdens with few advantages. Moreover, the Court is unpersuaded that discovery provided to Plaintiff can become Plaintiff counsel's work product. Perhaps Plaintiff's counsel intends to take notes on those documents and the notes could be work product. However, knowing up front that the documents must be returned, Plaintiff

counsel should be able to refrain from creating work product directly on the confidential material.  If such is unavoidable, when the time comes to return the documents, the Court is hopeful that counsel can agree to a destruction of the document in lieu of a return.  If an agreement on that matter cannot be reached despite good faith attempts to do so, the Court will entertain a motion from Plaintiff for an exception/substitution to the return requirement.

Finally, given that Defendant is demanding the return of the discovery for which Plaintiff claims to have paid, the Court will also entertain a motion from Plaintiff for reimbursement of all or a portion of the costs associated with the discovery which will be returned under the protective order.

Information Sharing

Defendant's proposed order prohibits disclosure of confidential material to anyone other than"covered persons."  Def. Prop. ¶II.  "Covered persons" includes only "(1) the Court and all Court personnel; (2) the named parties, other than CTA in this litigation; (3) the named counsel of record for all parties other than CTA in this litigation and their employees, to the extent reasonably necessary for such persons to render assistance in this litigation; and (4) experts retained or consulted by counsel of record for any party other than CTA to assist in the preparation, prosecution, or evaluation of this litigation."  *Id.* ¶I(E).

In contrast, Plaintiff's proposed order permits disclosure to a much broader scope of individuals including, most notably, "[o]ther plaintiff's attorneys and experts retained or consulted by other plaintiff's attorneys involved in the preparation or prosecution of other similar claims against The Defendant in the above styles [sic] cause." Pl. Prop. ¶II(A). Given the breadth of individuals who might come within the ambit of plaintiff's proposed disclosure list, his proposed order also includes a prohibition against disclosing any confidential material "to the public or to the media or to Competitors[2] of The Defendant." *Id.* ¶II(B)(1).

Plaintiff contends that the Federal Rules of Civil Procedure favor information sharing. *Doc. 51* at 9. Plaintiff also argues that "[f]ederal courts nationwide have permitted information sharing with lawyers having similar claims." *Id.* at 10. Moreover, Plaintiff points to a number of policy reasons for permitting information sharing. *Id.* at 7-21. The fundamental flaw in Plaintiff's argument and the cases cited to support it is that this is not

---

[2] Plaintiff's proposed order defines "Competitor(s)" as "any legal entity other than The Defendant engaged in the business of designing, manufacturing or selling electrically heated bedding products or the component parts thereof." Pl. Prop. ¶A. The Court assumes this definition is an oversight and was intended to refer to tire design, manufacture and sale.

an argument between information sharing and no information sharing.  This is a dispute

between unsupervised sharing and sharing only under court supervision.

The "sharing provision" in Plaintiff's proposed order – "[o]ther plaintiff's attorneys

and experts retained or consulted by other plaintiff's attorneys involved in the preparation

or prosecution of other similar claims against The Defendant in the above styles [sic]

cause." – is both broad and subject to interpretation.  It would permit disclosure of

confidential information across the entire country and potentially the world.  Enforcing the

protective order in such a circumstance would be extraordinarily difficult, if not

impossible, given the jurisdictional and practical hurdles.  Moreover, the term "similar

claims" is a recipe for trouble.  As the Court has seen, the parties herein have very different

ideas about what constitutes similarity in the context of this case.  *See docs. 44, 54, 59, 68.*

A broad reading of this language would permit disclosure to the participants in any case

involving any defect in any tire manufactured by Defendant or its affiliated companies.

Permitting such wide dissemination of confidential information beyond the practical

enforcement reach of the Court would undermine the purpose of the protective order.

The cases cited by Plaintiff do not compel a different result.  Most of the cases cited

by Plaintiff are sufficiently distinguishable as to be unpersuasive to the issue before the

Court.  Many deal with cases in which the defendant failed to make a showing that the

material was properly protected under the Rules.  These cases are not applicable because

Defendants have made a sufficient showing that certain materials sought by Plaintiff are worthy of protection under Rule 26(c)(1)(G).  In many of the remaining cases, the court was ruling on a specific request for disclosure to an attorney in a separate case then pending.[3] These cases do not support the position that the Court should not properly protect Rule 26(c)(1)(G) materials on the front end.  In fact, by rejecting Plaintiff's sharing provision, the Court is not foreclosing the possibility of the information being shared.  Other attorneys may obtain this information in their own lawsuit with an appropriate protective order.

Even if some of the cited cases support Plaintiff's requested sharing provision, they do not overcome the strong jurisprudence in this District rejecting such language.  Most significant is the opinion in *Bertetto v. Eon Labs, Inc.*, 2008 WL 2522571 (D.N.M. May 29, 2008) by United States District Judge Judith C. Herrera, the presiding judge for the instant case.  In *Bertetto*, Judge Herrera found that the inclusion of a sharing provision in a protective order involving trade secrets was "clearly erroneous."  *Id.* at *2.  In the instant case just as in *Bertetto*,

> the Plaintiffs are preemptively seeking discovery for potential future plaintiffs, and no collateral party even exists yet. Under the information-sharing provision of paragraph 7(d), the court would be abdicating its role in approving future discovery (as well as potentially

---

[3]  Plaintiff's proposed language does not even require that a "similar claim[]" be filed before disclosure would be appropriate as it allows disclosure to "other plaintiff's attorneys involved in the preparation . . . of other similar claims against The Defendant."  Pl. Prop. ¶II(A)(6) (emphasis added).

> usurping a collateral court's role in managing discovery in a collateral case)
> rather than deliberately choosing to modify an existing agreement. The lack
> of oversight by any court over the sharing of Defendants' confidential
> business information by Plaintiffs makes this case completely different from
> *United Nuclear.*

*Id.* (referencing *United Nuclear Corp. v. Cranford*, 905 F.2d 1424, 1428 (10th Cir. 1990) ("where

an appropriate modification of a protective order can place private litigants in a position

they would otherwise reach only after repetition of another's discovery, such modification

can be denied only where it would tangibly prejudice substantial rights of the party

opposing modification.")); *see also Ramos v. Cooper Tire & Rubber Co.*, No. 1:10-cv-198-JAP-

ACT, Doc. 155 (Mar. 8, 2011) (Judge "correctly found that a sharing provision undermines

the reason for a protective order and puts confidential information at risk of disclosure.").

Rather than rehash the analysis in *Bertetto* and *Ramos*, this Court simply notes that the

reasoning in those opinions is persuasive and hereby adopts it.  Consequently, the Court

will reject Plaintiff's request to include the sharing provision in the protective order.

Conclusion

Therefore, the Court will grant in part and deny in part Defendant's Motion for

Entry of Protective Order of Confidentiality.  *Doc. 46.*  The Court intends to issue a

protective order based upon Defendant's proposed order altered as described herein.

However, the Court notes two additional concerns with that proposed order.  First, it does

not appear to permit disclosure of the documents to the jury in this case.  Perhaps,

Defendant intended the jury to fit in the meaning of "Court personnel," but it would be more clear to explicitly deal with jurors.  Second, Plaintiff's proposed order permitted disclosure to persons "noticed for depositions or persons who may be used as witnesses in the trial of the above styled cause."  Pl. Prop. ¶II(A)(3).  Defendant's proposed order does not deal with this issue.  It may be true that most witnesses to whom confidential material would be shown would also be experts and thus fall within the definition of "Covered Persons."  Def. Prop. ¶I(E).  Nonetheless, this may not be true in every case, and some provision for disclosure to witnesses seems appropriate.

WHEREFORE, the Court hereby orders Defendant to file an amended version of its proposed protective order.  This amended version should be consistent with the requirements discussed in this Order and should appropriately account for jury and witness disclosure.  It should be filed as an attachment to a "Notice" filed on the docket.  Defendant shall also email a copy of the amended version in WordPerfect format to gbwproposedtext@nmcourt.fed.us.

IT IS SO ORDERED.

_____
HON. GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE