IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCO ROBINSON,

       Plaintiff,

v.                                                                         10-CV-0787 JCH/GBW

GENERAL TIRE AND RUBBER
COMPANY, et. al.,

       Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Compel (*doc. 44*), Defendant's Response (*doc. 54*), and Plaintiff's Reply (*doc. 59*). In his Motion, Plaintiff requests that the Court order Defendants to respond to numerous interrogatories and requests for production. *Doc. 44.* Defendants oppose the motion, arguing that many of Plaintiff's requests are irrelevant to his theories of defect, concern tires not at issue in this litigation, or improperly seek confidential/ trade secret information. *Doc. 54* at 1. I held hearings on these disputes on June 6, 2011 and June 13, 2011 (*see docs. 68, 72*), and now grant in part and deny in part Plaintiff's Motion to Compel.

1

*"Similar Tires":*

Throughout the disputed discovery requests, Plaintiff seeks information regarding "Grabber AW model # LT 235-85R16E series of tires and similar tires manufactured from January 1, 1999 - January 1, 2010." *Doc.* 44 at 4-5. For each such request, Defendant argues that the scope should be limited to tires made from the same green tire at the same plant and in the same time period. *Doc. 54* at 12.

Plaintiff's suit includes design claims which means he intends to argue that Defendant should have designed the tire that failed (hereinafter "subject tire") in a manner which would have made it safer. As such, Plaintiff is entitled to discovery regarding tires beyond those manufactured from the same green tire specification. Specifically, discovery about other tires which reflect the viable design choices Defendant had when designing the subject tire is reasonably calculated to lead to admissible evidence. FED. R. CIV. P. 26 (b)(1). This Court concludes that all light truck tire lines which (1) match the size (235-85-R16) and load range (E) of the subject tire and (2) were manufactured between 1995 and 2005 meet this standard. The subset of tires which meets both these criteria shall throughout this Order be referred to as "Relevant Tires."

*Interrogatory 1:*

Plaintiff withdrew his age and home address requests. With those requests excised, the Court grants Plaintiff's Motion to Compel as to this interrogatory.

*Interrogatory 5:*

The parties have reached an agreement as to this interrogatory. Therefore, the Court will deny the Motion to Compel as to this interrogatory as moot.

*Interrogatories: 6, 7, & 9-11:*

The information requested in these interrogatories shall be limited to Relevant Tires. With that limitation, the Court grants Plaintiff's Motion to Compel as to these interrogatories.

*Interrogatory 12:*

Defendants agreed to produce all versions of the relevant manual that are applicable to Relevant Tires, and, in addition, to produce service bulletins or other communications if related to the Relevant Tires. *Doc. 72.* Plaintiff agreed that such production would be sufficient. *Id.* Therefore, the Court will deny the Motion to Compel as to this interrogatory as moot.

*Interrogatories 13 & 14:*

The information requested in these interrogatories shall be limited to Relevant Tires. Moreover, to the extent that this interrogatory seeks the formulae for any of the rubber compounds used for various components in the Relevant Tires, Plaintiff has withdrawn that request with two exceptions. Plaintiff still seeks the percentage of halobutyl and the percentage of plasticizer used in the inner liner of the subject tire. As discussed at the second hearing, the Court is contingently denying the request to compel this information.

3

Plaintiff will be receiving the code number associated with the particular formulation of the inner liner used in each of the Relevant Tires. The Court is persuaded that, assuming that the Relevant Tires include at least three such formulations, this information is all that is necessary for Plaintiff to investigate the reasonableness of Defendant's design choices related to the inner liner's composition. *See Centurion Indus. Inc. v. Warren Steurer and Assoc.*, 665 F.2d 323, 326 (10th Cir. 1981) (even where protective order is put in place, party seeking discovery of trade secret must establish that the disclosure of trade secret is relevant and necessary to the action). If the Relevant Tires do not include at least three different types of inner liner composition, then the Court will revisit the issue.

With the limitations above, the Court grants Plaintiff's Motion to Compel as to these interrogatories.

*Interrogatory 15:*

Defendants explain that they intend to produce two individuals who would be knowledgeable of design and manufacturing specifications. Additionally, Defendants will give Plaintiff the specifications for the tires, and there will be notations relating to revisions. If there is documentation that identifies any individuals responsible for those revisions, Defendants will provide that documentation or identify those people for Plaintiff. Plaintiff agrees that this is sufficient. With this agreement, the Court will deny the Motion to Compel as to this interrogatory as moot.

*Interrogatory 16:*

The information requested in this interrogatory shall be limited to Relevant Tires. With that limitation, the Court grants Plaintiff's Motion to Compel as to this interrogatory.

*Interrogatory 17:*

The information requested in this interrogatory shall be limited to Relevant Tires. Moreover, within the information about the testing of the Relevant Tires, Defendant contends that there are two testing protocols which are highly guarded trade secrets. The affidavit of Mr. Bible supports the argument that certain of Defendant's test protocols are such. *Doc. 47*, ¶ 23. Therefore, Defendant objects to the disclosure of these two protocols.

Defendant will be providing the remaining testing information with respect to the Relevant Tires, the results of these two testing protocols and a deponent who will generally describe, and what they examine and grade. Given these disclosures, the Court is not persuaded that Plaintiff needs the testing protocols for these two tests. *See Centurion*, 665 F.2d at 325-26. If, after the relevant 30(b)(6) depositions, Plaintiff believes it can show the necessity of the disclosure of these testing protocols, the Court will entertain a motion to reconsider this ruling.

With the limitations above, the Court grants Plaintiff's Motion to Compel as to this interrogatory.

*Interrogatory 18:*

The information requested in this interrogatory shall be limited to Relevant Tires. With that limitation, the Court grants Plaintiff's Motion to Compel as to this interrogatory.

*Interrogatory 19:*

This request seeks information related to quality control procedures relating to the manufacture of Defendant's tires. Unlike requests that are calculated to lead to admissible evidence regarding design failures, this request is focused on the theory that the subject tire was negligently manufactured. By its nature, such a request must be focused on discovering information about the manufacture of the subject tire. Therefore, quality control procedures relating to tires other than the subject tire fall outside the Rule 26(b)(1) scope requirement. Consequently, the information requested in this interrogatory shall be limited to procedures related to the manufacture of Grabber AW Model #LT 235-85R16E tire. Because comparing the procedures at the three plants at which these tires were manufactured is reasonably calculated to lead to admissible evidence about possible deficiencies at the plant where the subject tire was manufactured, Defendant shall produce the information as to each of the three plants.

With the limitations above, the Court grants Plaintiff's Motion to Compel as to this interrogatory.

*Interrogatory 20:*

The Plaintiff's Motion to Compel as to Interrogatory 20 is granted with certain limitations. First, the required response shall be limited to documents created from 1990 through 2000. However, Defendants shall also identify all reports or documents related to reports created after 2000 but which relate to tire belt or tread separation of tires manufactured between 1990 and 2000. Second, the required response shall be limited to studies, reports, testing or research related to light truck tires. To be clear, however, if a study, report, testing or research involved light truck tires along with other types of tires, such would fall within the required response.

The required response shall include documents from the Belt Edge Durability Committee discussed at the hearings on this Motion.

*Interrogatory 21:*

Pursuant to agreement of the parties, the information sought in this interrogatory shall be limited to warnings and instructions applicable, either generally or specifically, to the Grabber AW Model #LT 235-85R16E tire. With this agreement, the Court will deny the Motion to Compel as to this interrogatory as moot.

*Interrogatory 22:*

Defendant withdraws his objection to Interrogatory 22. The response thereto is therefore compelled.

*Interrogatory 23:*

The information requested in this interrogatory shall be limited to Relevant Tires. With that limitation, the Court grants Plaintiff's Motion to Compel as to this interrogatory.

*Interrogatory 24:*

Given Defendants' answer to Interrogatory 24 proffered at the second hearing and counsel's representation that no information is being withheld on the basis of its objection, the Court will deny the Motion to Compel as to this interrogatory as moot.

*Interrogatory 25:*

Plaintiff withdrew his Motion to Compel as to Interrogatory 25 at the second hearing.

*Interrogatories 27-30:*

The information requested in these interrogatories shall be limited to Relevant Tires. Moreover, as to Interrogatory 28, Plaintiff has clarified the request to substitute "Identify each change made based upon the performance of the tire . . ." for "Identify each performance change . . ." With this limitation and clarification, the Court grants Plaintiff's Motion to Compel as to this interrogatory.

*Interrogatory 31:*

At the second hearing, Plaintiff agreed to limit the request to monthly production data for Grabber AW model #LT 235-85R16E tires manufactured in 2000. With this limitation, the Court grants Plaintiff's Motion to Compel as to this interrogatory.

*Interrogatory 32:*

At this time, the Court will deny Plaintiff's Motion to Compel the response to this interrogatory because the request is overly broad and unduly burdensome. If the depositions of Mr. Bible and Mr. Higdon reveal other employees in key roles or indicate that production of employee lists would not be burdensome and the parties cannot reach an agreement, however, the court will entertain a motion to reconsider this ruling.

*Interrogatory 33:*

Plaintiff has agreed to limit the time period for which this information is requested to January 1, 1999 until the 37th week of 2000. With that limitation, the Court will grant the motion to compel as to this interrogatory except that complaints [et cetera] regarding work time and break time need only be included to the extent that they communicate an opinion or belief that the issue is impacting the quality of the tires or components thereof. Moreover, as conceded by Plaintiff, this interrogatory seeks only complaints [et cetera] that are formally communicated to management.

*Interrogatory 34:*

The Court will deny Plaintiff's Motion to Compel as to Interrogatory 34 because it is not reasonably calculated to lead to admissible evidence.

*Interrogatories 35 & 36:*

The parties have informed the Court that they had reached an agreement as to these interrogatories. With this agreement, the Court will deny the Motion to Compel as to these interrogatories as moot.

*Interrogatory 37:*

The information requested in this interrogatory shall be limited to Relevant Tires. With that limitation, the Court grants Plaintiff's Motion to Compel as to this interrogatory.

*Interrogatory 38:*

The information requested in this interrogatory shall be limited to Relevant Tires.[1] With that limitation, the Court grants Plaintiff's Motion to Compel as to this interrogatory.

*Interrogatory 39:*

As discussed above, Plaintiff has failed to show necessity for this critical trade secret. Therefore, I deny Plaintiff's Motion to Compel as to this interrogatory.

*Requests for Production:*

As is typical, the requests for production are generally related to items identified in the interrogatory answers. As such, the Court's rulings on the interrogatories should address the disputes over the requests for production. The parties agree. However, if the parties conclude that particular requests for production are not so addressed and they

---

[1] At the second hearing, there was some discussion about a different scope of time for this interrogatory. However, upon further review of the information requested by the interrogatory, the "Relevant Tire" scope appears the most appropriate limitation.

cannot reach agreement as to those requests, the parties are to send a letter to the Court identifying the unresolved issues.[2]

    IT IS SO ORDERED.

                                                                               **HON. GREGORY B. WORMUTH**
                                                                               **UNITED STATES MAGISTRATE JUDGE**

---

[2] At the hearing on June 13, the parties indicated that they would send such a letter within a few days if required after further consultation. *Doc. 72.* As of the date of this Order, the Court has received no such letter. Given the time that has already elapsed, such a letter must be faxed to the Court no later than June 27 or the Court will presume the matter is closed.